[S. F. No. 10054. In Bank.—February 7, 1922.]

HYGIENIC HEALTH FOOD COMPANY (a Corporation), Appellant, v. J. E. GRANT, Respondent.

[1] APPEAL — HEARING BY SUPREME COURT — POWER TO ORDER. — The power of the supreme court to order a hearing therein after judgment by the district court of appeal is not limited to causes in which a petition for rehearing is filed, and the court may make such an order of its own motion where no petition has been filed.

[2] ID.—RULES OF COURT—POWER OF COURT NOT AFFECTED BY.—Neither the rule of the supreme court requiring a petition for a rehearing to be filed within ten days after the judgment of the district court of appeal has become final therein nor the one requiring printed petitions in anywise affects the power of the court to order a rehearing and transfer of cause at any time within thirty days after the judgment has become final in the district court of appeal.

APPEAL from a judgment of the Superior Court of Alameda County. A. F. St. Sure, Judge. Affirmed.

The facts are stated in the opinion of the court.

Welles Whitmore and Cyril C. Lotz for Appellant.

Greene & Sinclair for Respondent.

THE COURT.—In this case an order for a rehearing was made by the supreme court after decision in the district court of appeal, and within the sixty days allowed by the constitution. Prior to the making of the order a petition for a rehearing in typewriting was filed after the time fixed by the rules. The plaintiff moves to vacate our subsequent decision on the ground that the supreme court had no jurisdiction to make the order granting the rehearing because the petition was filed too late, and on the further ground that it was in typewriting and contrary to our rules. The claim on which the motion is founded is that the constitution does not empower the supreme court to order a rehearing after decision of a cause by the district court unless a petition therefor has been filed by an interested party.

The constitution provides that "the supreme court shall have power to order any cause pending before a district court of appeal to be heard and determined by the supreme court." (Art. VI, sec. 4.) By clear implication this confers power to make such order at any time during the pendency of the cause in the district court of appeal. This would extend the time for thirty days after the decision by the district court of appeal, for the cause is pending therein until it becomes final by the expiration of said period of thirty days. Immediately following the above-quoted clause, the constitution declares that the order referred to "may be made before judgment has been pronounced by a district court of appeal, or within thirty days after such judgment shall have become final therein." This extends the time for an additional thirty days. [1] The power is not limited to causes in which a petition for rehearing is filed. Therefore, the court may make an order of its own motion where no petition has been filed. [2] The rule of the court requiring the petition for a rehearing to be filed within ten days after the judgment of the district court has become final therein was made for the convenience of the court so as to give it time to consider the petition and to give the opposing party time to answer

the same. Neither this rule nor the rule requiring printed petitions in anywise affects the power of the court to order a rehearing and transfer the cause.

The motion is denied.

Shaw, C. J., Richards, J., *pro tem.*, Shurtleff, J., Lawlor, J., Wilbur, J., Waste, J., and Sloane, J., concurred.